

BADIAK & WILL, LLP
Attorneys for Plaintiff
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225
Our Ref.: 08-J-002-LS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LIBERTY INTERNATIONAL
UNDERWRITERS, as subrogee of
NRG ENERGY, INC.,

              Plaintiff,

- against -

GE PACKAGED POWER, INC. and
MALARK LOGISTICS, INC.,

              Defendants.
------------------------------------------------------------X

**COMPLAINT**

08 Civ. ____

ECF CASE

Plaintiff, LIBERTY INTERNATIONAL UNDERWRITERS, as subrogee of NRG ENERGY, INC., by and through its attorneys BADIAK & WILL, LLP, complains of the defendants, upon information and belief, as follows:

### JURISDICTION

1. That the following constitute claims over which this Court has original jurisdiction pursuant to 28 U.S.C.S. §1337 because this action involves the transportation of goods in interstate commerce by motor carrier and is brought under 49 U.S.C.S. § 14706 (Carmack Amendment), and the amount in controversy exceeds $10,000.00, exclusive of interest and costs. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## PARTIES

2. That Plaintiff, LIBERTY INTERNATIONAL UNDERWRITERS, as subrogee of NRG ENERGY, INC., ("NRG"), at all material times herein alleged, was and still is a corporation or other business entity duly organized and existing under and by virtue of the laws of one of the states of the United States with an office and place of business located at 55 Water Street, 18th floor, New York, New York 10041.

3. That Plaintiff is the insurer of cargo which was obligated under its policy or policies of insurance to pay, and did make payment(s) to its assured, for loss and damage to the shipment while in transit, and would be, or otherwise became, subrogated to the rights of its assured(s), against third parties, including the defendants, for the loss and damage sustained, and who is now entitled to maintain this action, and brings this action on its own behalf and on behalf of all parties who may be entitled.

4. That Plaintiff is subrogated to the rights of its insured, NRG.

5. That NRG, at all times herein alleged, was and is a corporation duly organized and existing under and by virtue of the laws of the state of Delaware, with an office and place of business located at 211 Carnegie Center, Princeton, New Jersey 08540.

6. That NRG, at all times herein alleged, is registered with the New York State Department of State Division of Corporations as a foreign business corporation.

7. That Defendant GE PACKAGED POWER, INC., ("GE"), at all times herein alleged, was and is a corporation duly organized and existing under and by virtue of the laws of the state of Delaware with an office and place of business located at 1333 W Loop South, 10th Floor, Houston, Texas 77027.

8. That Defendant GE, at all times herein alleged, was and is registered with the New York State Department of State Division of Corporations as a foreign business corporation.

9. That Defendant, GE, at all times herein alleged, was and is engaged in business as, *inter alia*, a freight forwarder and/or common motor carrier of goods for hire within the meaning of all applicable federal and state statutes, rules and regulations.

10. That Defendant MALARK LOGISTICS, INC., ("MALARK") is a corporation or other business entity duly organized and existing under and by virtue of the laws of one of the states of the United States with an office and place of business located at P.O. Box 438, Maple Grove, MN 55369.

11. That MALARK is engaged in business as, *inter alia*, a freight forwarder and/or common motor carrier of goods for hire within the meaning of all applicable federal and state statutes, rules and regulations.

12. That, at all times herein alleged, Defendant MALARK was and is doing business in the State of New York.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANT GE

13. That Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 12 with the same force and effect as though fully set forth herein at length.

14. That, on or about August 29, 2007, Defendant GE, as a freight forwarder and/or common motor carrier of goods for hire, agreed to transport and carry a shipment, via MALARK, consisting of computer parts/equipment/technology under GE bill of lading number 2645713 from Houston,

Texas to Milford, Connecticut, there to be delivered in good order and condition to order of Plaintiff's insureds and/or agents, all in consideration of freight charges paid or agreed to be paid.

15. That Defendant GE delivered the aforementioned shipment in bad order and condition, and/or with short or missing cargo, and/or failed to deliver to order of Plaintiff's insureds and/or agents, all in violation of said Defendant GE's obligations and duties as a freight forwarder and/or common motor carrier of cargo for hire.

16. That Plaintiff is the insurer for the shippers, purchasers, consignees and owners of said shipment and is entitled to maintain this action on its own behalf or on behalf of any party who is, or who may become of interest.

17. That, due solely to the negligence, breach of contract and bailment of Defendant GE, said Defendant failed to deliver and/or delivered the shipment to plaintiff and/or its insured and/or agents, in a damaged, short, and/or depreciated condition.

18. That no acts, omissions, or negligence on the part of Plaintiff and/or its predecessors in interest contributed to the loss herein.

19. That all conditions precedent required of Plaintiff and/or its predecessors in interest in said shipment have been performed.

20. That, by reason of the foregoing and these premises, Plaintiff has sustained damages in the amount of $36,561.00, no part of which has been paid although duly demanded.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT MALARK.

21. That Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 of this Complaint with the same force and effect as if fully set forth herein at length.

22. That, on or about August 29, 2007, Defendant MALARK, as a freight forwarder and/or common motor carrier of goods for hire, agreed to transport and carry a shipment consisting of computer parts/equipment/technology, pursuant to contract and/or under a bill of lading from Houston, Texas to Milford, Connecticut, there to be delivered in good order and condition to order of Plaintiff's insureds and/or agents, all in consideration of freight charges paid or agreed to be paid.

23. That Defendant MALARK delivered the aforementioned shipment in bad order and condition, and/or with short or missing cargo, and/or failed to deliver to order of Plaintiff's insureds and/or agents, all in violation of said Defendant MALARK's obligations and duties as a freight forwarder and/or common motor carrier of cargo for hire.

24. That Plaintiff is the insurer for the shippers, purchasers, consignees and owners of said shipment and is entitled to maintain this action on its own behalf or on behalf of any party who is, or who may become of interest.

25. That, due solely to the negligence, breach of contract and bailment of Defendant MALARK, said Defendant failed to the deliver the shipment as agreed, and/or delivered the shipment to plaintiff and/or its insured and/or agents, in a damaged, short, and/or depreciated condition.

26. That no acts, omissions, or negligence on the part of the part of Plaintiff and/or its predecessors in interest contributed to the loss herein.

27. That all conditions precedent required of Plaintiff and/or its predecessors in interest in said shipment have been performed.

28. That, by reason of the foregoing and these premises, Plaintiff has sustained damages in the amount of $36,561.00, no part of which has been paid although duly demanded.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT MALARK.

29. That Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein at length.

30. That, in or about August 2007, MALARK and NRG, Plaintiff's subrogor, had in place a contract wherein MALARK assumed all responsibility for the transportation of NRG's interstate shipments; and, pursuant to contract, MALARK agreed to, *inter alia,* carry, transport, negotiate and/or arrange all interstate shipments on NRG's behalf.

31. That, pursuant to said contract, and as freight forwarder and/or common carrier of goods in interstate commerce for hire, MALARK agreed to transport and carry a shipment consisting of computer parts/equipment/technology from Houston, Texas to Milford, Connecticut, there to be delivered in good order and condition to order of Plaintiff's insureds and/or agents, all in consideration of freight charges paid or agreed to be paid.

32. That Defendant MALARK failed to deliver and/or delivered the aforementioned shipment in bad order and condition, and/or with short or missing cargo to order of Plaintiff's insureds and/or agents, all in violation of said contract, and in further violation of Defendant MALARK's obligations and duties as a freight forwarder and/or common motor carrier of cargo for hire.

33. That Plaintiff is the insurer for the shippers, purchasers, consignees and owners of said shipment and are entitled to maintain this action on its own behalf or on behalf of any party who is, or who may become of interest.

34. That, due solely to the negligence, breach of contract and bailment of Defendant MALARK, said Defendant failed to deliver the shipment and/or delivered the shipment to plaintiff and/or its insured and/or agents, in a damaged, short, and/or depreciated condition.

35. That no breach, acts, omissions, or negligence on the part of the part of Plaintiff and/or its predecessors in interest contributed to the loss herein.

36. That all conditions precedent required of Plaintiff and/or its predecessors in interest in said shipment have been performed.

37. That, by reason of the foregoing and these premises, Plaintiff has sustained damages in the amount of $36,561.00, no part of which has been paid although duly demanded.

**WHEREFORE,** Plaintiff demands judgment against Defendants in the sum of $36,561.00, together with attorneys' fees, interest and costs of this action.

DATED:   Mineola, New York
         June 18, 2008

                                        Yours, etc.

                                        BADIAK & WILL, LLP
                                        Attorneys for Plaintiff

                                        By: _____
                                            LISA A. SCOGNAMILLO (LAS-7706)
                                            106 Third Street
                                            Mineola, New York 11501
                                            (516) 877-2225
                                            Our Ref.: 08-J-002-LS